Jeffrey S. Powell (*pro hac vice forthcoming*)
  jeff.powell@kirkland.com
Patrick F. Philbin (*pro hac vice forthcoming*)
  patrick.philbin@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Mark C. Holscher, SBN 139582
  mark.holscher@kirkland.com
Diana Torres, SBN 162284
  diana.torres@kirkland.com
KIRKLAND & ELLIS LLP
333 S. Hope St.
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant,
CHARTER COMMUNICATIONS, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA BROADCASTING, L.L.C., a California Limited Liability Company, <br>     Plaintiff, <br><br> v. <br><br> Charter Communications, Inc., individually and d/b/a SPECTRUM and formerly d/b/a TIME WARNER CABLE; Alexis Johnson, an individual; Keely Bostock, an individual; Deborah Picciolo, an individual; DOES 1 through 1,000, inclusive, <br>     Defendants. | CASE NO. 5:18-cv-00532 <br><br> **CHARTER'S NOTICE OF REMOVAL** <br><br> Judge: <br> Hearing Date: <br> Time: <br> Courtroom: |

Charter's Notice of Removal

Defendant Charter Communications, Inc. ("Charter") removes this action from the Superior Court of California, County of Riverside, Desert District, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The remaining defendants—Alexis Johnson, Keely Bostock, and Deborah Picciolo (together with Charter, "Defendants")—consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). Removal to this Court is proper because (1) this case falls within the scope of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, and (2) this Court is the federal district and division embracing the place where the state court litigation is pending.

As grounds for removal to this Court, Charter states as follows:

## REMOVAL JURISDICTION

1. Plaintiff, Tara Broadcasting, LLC ("Tara") sued Defendants in the Superior Court of California, County of Riverside, Desert District, alleging multiple violations of California law based on Charter's decision not to carry Plaintiff's broadcast television channels on Charter's cable system in the Palm Springs, California, area. *See* Feb. 13, 2018 Compl. (Ex. 1).

2. Removal is timely under 28 U.S.C. § 1446(b). Charter has filed this Notice of Removal within thirty (30) days of the date on which the summons and complaint were served on Charter, which was February 14, 2018. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999).

3. Charter has attached to this Notice of Removal "a copy of all process, pleadings, and other orders served upon" it, pursuant to 28 U.S.C. § 1446(a). *See* Ex.1. Charter has also attached the state court docket showing all docket entries. *See* Ex. 2.

4. Upon filing this Notice of Removal, Charter will provide written notice to Plaintiff and will file a Notification of Removal (attaching a copy of this Notice of Removal) with the state court, pursuant to 28 U.S.C. § 1446(d).

# DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction under 28 U.S.C. § 1332 and thus removal is proper under 28 U.S.C. § 1441.

6. **Citizenship of the parties.** Plaintiff Tara Broadcasting, LLC, is a limited liability corporation formed under the laws of the State of California. *See* Limited Liability Company Articles of Organization for Tara Broadcasting, LLC (July 19, 2012) (on file with the State of California Secretary of State) (Ex. 3). On information and belief, based upon filings that Tara has made with the State of California Secretary of State, Tara has three members: Clark Garen, a resident and citizen of California; James B. Fitzpatrick, a resident and citizen of Nevada; and Mary E. Fitzpatrick, a resident and citizen of Nevada. *See* Statement of Information of Tara Broadcasting, LLC (May 25, 2016) (on file with the State of California Secretary of State) (Ex. 4); Statement of Information of Tara Broadcasting, LLC (Sept. 24, 2012) (on file with the State of California Secretary of State) (Ex. 5). For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, Tara is a citizen of California and Nevada.

7. Defendant Charter Communications, Inc., is a Delaware corporation with its principal place of business in Stamford, Connecticut. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" is "the actual center of direction, control, and coordination" of corporation's activities). Defendant Alexis Johnson is a resident and citizen of New York, Defendant Keely Bostock is a resident and citizen of Colorado, and Defendant Deborah Picciolo is a resident and citizen of California. *See* Compl. ¶¶ 5-7.

8. **Fraudulent joinder.** The only non-diverse defendant in this case, Deborah Picciolo, was improperly joined as a defendant.

9. It is well settled that "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Where fraudulent joinder is an issue," "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Id.* (citation omitted); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder does not necessarily involve 'fraud' as the term is commonly understood; rather 'fraudulent joinder is a term of art.'" *Ho v. State Farm Ins. Cos.*, 117 F.3d 1425, 1997 WL 367957, at *1 n.1 (9th Cir. July 2, 1997) (citing *McCabe*, 811 F.2d at 1339). It is enough to establish fraudulent joinder if the joined party has "no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). When a party has been fraudulently joined, "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

10. Defendant Deborah Picciolo should be ignored for purposes of determining diversity jurisdiction because she had no involvement in Charter's decision not to carry Plaintiff's television channels—the decision at issue in this case.

11. Plaintiff alleges that Charter (and Charter's predecessor in interest Time Warner Cable) wrongfully declined to carry its television channels in the Palm Springs area and that Defendants Johnson, Bostock, and Picciolo were involved in that decision and should be held personally liable. With respect to Picciolo, Plaintiff alleges that Picciolo had the "ultimate responsibility … for the selection of the live local broadcast channels that would be distributed by the Defendant's cable delivery system to the subscribers and customers of the Defendants" in the Palm Springs area. Compl. ¶ 7. Plaintiff further alleges, solely on information and belief, that Picciolo instructed Charter employee Gina Wulfesteig, "to deny Plaintiff's request" to carry its television channels. *Id.* ¶ 17.

12. As explained in the attached affidavit of Deborah Picciolo, these allegations about Picciolo's job responsibilities and her involvement in the decision not to carry Plaintiff's television channels are false.

13. Picciolo explains that, for the entire time period relevant to the allegations in the complaint, she had no responsibility for selecting the channels that Charter (or its predecessor in interest, Time Warner Cable) would carry in the Palm Springs area. Plaintiff alleges that it began seeking carriage for its television channels in July 2015. *See* Compl. ¶ 16. From before 2015 to the present, however, Picciolo has never had any responsibility for selecting which channels Charter (or its predecessor in interest, Time Warner Cable) would carry. "Since 2010," she has "not had any responsibility for determining which channels Charter (or, before that, Time Warner Cable) would carry in its channel line-up in any market within the West Region, including Palm Springs." Mar. 8, 2018 Affidavit of Deborah Picciolo ¶ 2 (Ex. 6). In both the position she has held at Charter since 2016 and in the position that she held prior to that at Time Warner Cable, Picciolo has had "no responsibility for channel selection," and she did not have authority to "vest[]" anyone with "authority for channel selection." *Id.* ¶ 3. Instead, Picciolo's job responsibilities related to operations, which covered matters such as "installation, service, dispatch, construction, maintenance, business planning and human resources." *Id.* ¶ 2.

14. Picciolo also did not have any involvement with Charter's decision not to carry Plaintiff's television channels. Contrary to the allegation made in the complaint solely on information and belief, Picciolo did not "instruct[]" any employee of Charter "to deny Tara Broadcasting's request for carriage," nor did she "instruct[]" any employee "to refer the issue" to anyone else. *Id.* ¶ 4. As Ms. Picciolo explains in her affidavit, she "never had any communication with anyone from Tara Broadcasting or anyone else about a request by Tara Broadcasting for carriage in Palm Springs." *Id.*

She had "no involvement of any sort in making decisions on a request for carriage from Tara Broadcasting." *Id.*

15.    In addition, Ms. Picciolo explains that the employee who (according to Plaintiff's allegations) was instructed by Picciolo to reject Plaintiff's carriage request was "not even in [Picciolo's] reporting chain." *Id.* ¶ 5. That employee (Gina Wulfesteig) "had an entirely different reporting chain that went directly to executives with responsibility for programming decisions." *Id.* Those officials' "offices were in New York." *Id.*

16.    Because Picciolo had "no real connection with the controversy," *Wilson*, 257 U.S. at 97, the Court should "ignore[]" her presence "for purposes of determining diversity," *Morris*, 236 F.3d at 1067.

17.    When Picciolo is ignored, complete diversity exists. Plaintiff is a citizen of California and Nevada, and Defendants are citizens of Delaware (Charter), Connecticut (Charter), New York (Alexis Johnson), and Colorado (Keely Bostock).

18.    ***Amount in controversy.*** Plaintiff expressly seeks "actual damages" "totaling $1,100,000" on each cause of action, *see* Compl. at 24-26, which well exceeds the amount-in-controversy requirement of $75,000, *see* 28 U.S.C. §1332(b). For purposes of removal jurisdictions, plaintiffs' allegations about the amount in controversy are "controlling." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *see also Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986).

**VENUE**

19.    This case is properly removed to this Court because Riverside County, where the state-court action is pending, is located in this federal judicial district. *See* 28 U.S.C. §§ 84(c), 1446(a).

20.    This case should be assigned to the Eastern Division because the state-court action was pending in Riverside County.

# CONCLUSION

For the foregoing reasons, Defendant Charter removes this action from the Superior Court of California, County of Riverside, Desert District, to the United States District Court for the Central District of California.

DATED: March 15, 2018

KIRKLAND & ELLIS LLP

s/ Mark C. Holscher

Jeffrey S. Powell (*pro hac vice forthcoming*)
  jeff.powell@kirkland.com
Patrick F. Philbin (*pro hac vice forthcoming*)
  patrick.philbin@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Mark C. Holscher, SBN 139582
  mark.holscher@kirkland.com
Diana Torres, SBN 162284
  diana.torres@kirkland.com
KIRKLAND & ELLIS LLP
333 S. Hope St.
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant,
CHARTER COMMUNICATIONS, INC.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing notice was filed electronically on March 15, 2018.  Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice to Plaintiff by:

(1) mailing a copy by express U.S. mail service to the addresses below:

TARA BROADCASTING, LLC
17100 North Indian Canyon
North Palm Springs, CA 9225

P.O. Box 1790
Palm Springs, CA  92263

And (2) by e-mailing a copy to Plaintiff's counsel at the addresses below:

Clark Garen
LAW OFFICES OF CLARK GAREN
clarkgaren@msn.com

David W. Wiechert
LAW OFFICE OF DAVID W. WIECHERT
dwiechert@aol.com

                                            s/ Mark C. Holscher
                                            Mark C. Holscher